UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-MJ-245 |
| v. : | |
| : | |
| PHILIP S. GRILLO, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MEMORANDUM
REGARDING STATUS OF DISCOVERY AS OF SEPTEMBER 14, 2021**

The United States files this memorandum for the purpose of describing the status of implementation of our discovery plan in relation to voluminous sets of data that the government collected in its investigation of the Capitol Breach cases, among which may be interspersed information the defense may consider material or exculpatory. The materials upon which this memorandum is focused include, for example, thousands of hours of video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act accounts, digital media tips, Parler video, and unpublished news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

**Capitol Breach Defense Discovery Liaison Established**

The Federal Public Defender for the District of Columbia ("FPD") has agreed to serve as the Discovery Liaison for defense counsel in Capitol Breach cases. FPD will be the common point of contact between Department of Justice, the U.S. District Court for the District of Columbia, the Administrative Office of U.S. Courts, Defender Services Office, and defense counsel.

**Status of Defense Access to Discovery Databases**

As noted in our Memorandum Regarding Status of Discovery as of August 23, 2021 (the "August 23 Memo") (ECF No. 19), incorporated herein by reference, under our discovery plan, we will use two primary platforms to process and produce discoverable voluminous materials, evidence.com for voluminous digital media materials (e.g., body-worn-camera footage and U.S. Capitol Police ("USCP") surveillance footage) and Relativity for documents (e.g., items such as law enforcement investigation files and business records).  Further, we will ensure that all Capitol Breach legal defense teams will have access to the same platforms, including technological functionality commensurate to that available to the government, for the purpose of receiving and reviewing discoverable materials.

*Evidence.com*

On September 3, 2021, the United States modified its contract with Axon Enterprise, Inc. ("Axon"), our evidence.com vendor.  Pursuant to the modification, the government has funded a Capitol Breach defense instance of evidence.com and purchased licenses that will enable legal defense teams to gain access to a defense discovery database.  The defense instance is managed and administered by FPD, and the government has no ability to log into or retrieve information from the defense instance.  FPD is currently working with Defender Service's National Litigation Support Team to create a structure for distributing and tracking Axon licenses for defense counsel.  As we stated in our previous memo, defense counsel can share evidence from the defense instance with individual defendants using a cloud-based file-sharing service offered by Axon called my.evidence.com (as well as provide downloaded video, except when prohibited by a sensitivity designation).

As a result of September 3, 2021 contract modifications, we are now technologically able to share approximately 2,300 hours of body-worn-camera videos to the defense instance of evidence.com.  To ensure this enormous production is organized and meaningful for the defense, we are currently categorizing and tagging the videos.  Further, to ensure that the videos (which display approximately 1,000 assaults upon officers and include occasional references to personal identifying information) are adequately protected, we are also exploring whether it is technologically possible for downloading to be automatically suppressed when highly sensitive video is shared by defense counsel to defendants.

We are hopeful we will be able to transfer the body-worn-camera footage to the defense instance of evidence.com by the end of this week (Friday, September 17, 2021), and expect to produce it no later than the end of next week (Friday, September 24, 2021).[1]

We have uploaded approximately twenty percent of the relevant USCP surveillance footage to our instance of evidence.com (i.e., in excess of one terabyte of video, consisting of about 140 cameras, 4,900 files, and 1,600 hours of footage).  We are nearly finished applying sensitivity designations to these files.  We expect to be able to share them to the defense instance next week.

FPD anticipates updating defense counsel with the status of their work to distribute and track Axon licenses approximately one week after the first significant production of discovery is loaded into the defense instance evidence.com platform.

---

[1] As elaborated in our August 23 Memo, we will also provide information we have developed that will help facilitate defense review of the footage.

*Relativity*

Deloitte Financial Advisory Services, LLP ("Deloitte"), our Relativity vendor, has established a Capitol Breach defense Relativity workspace. We continue to work toward a modification of our contract to fund the additional hosting and support of that database. Modifying the Deloitte contract presents multiple contractual, technical, and legal challenges that were not posed by the Axon contract, but we are moving with as much haste as possible given the various complexities. We believe that by October, the contract modifications will be completed, thus allowing for defense access to the Relativity database.[2] To give the Court a sense of just some of the challenges that we are addressing, they include formulating concrete plans describing the staffing and technological safeguards that will be put into place to eliminate the possibility of work product being shared from one workspace to another. We must also ensure the modification, which must be fairly detailed under applicable government contracting rules and regulations, will be sufficient to support hundreds of defense cases, and are working closely with FPD in support of that effort. As this undertaking by FPD is also unprecedented, handling the contract modification correctly takes time. FPD will work with Defender Service's National Litigation Support Team to create a structure for distributing and tracking Relativity licenses and anticipates updating defense counsel with the status of their work approximately one week after the contract is modified to provide access to FPD. Finally, we must ensure that in making available hundreds of thousands of documents to hundreds of legal defense teams, we are careful to ensure that materials are properly scoped pursuant to the terms of any applicable warrants, and that access to the database is restricted in a manner that will ensure our compliance

---

[2] To be clear, while we expect the defense Relativity database will be partially populated in October, we do not expect it to be complete at that time.

with applicable privacy laws.  We are currently consulting with Department of Justice experts in privacy and discovery to ensure that these issues are properly handled.

Until the defense Relativity workspace is accessible, as we stated in our August 23 Memo, we will continue to provide voluminous documents from our Relativity database through individualized productions.  (Any productions we make will also be added to the defense Relativity workspace.)  On Friday, September 10, 2021, the Discovery Team made available for production in all Capitol Breach cases approximately 850 pages consisting of redacted reports from USCP investigations of alleged wrongdoing by USCP officers on January 6, 2021.  We anticipate providing Metropolitan Police Department internal investigation reports (approximately 600 pages) by next week.  We are still reviewing the approximately 30,000 files in Relativity that were provided to us by USCP.

As the Discovery Team continues to receive additional documents, we cull them of any materials potentially protected by Federal Rule of Criminal Procedure 6(e) and provide the remainder (a majority) to Deloitte for ingestion into our Relativity database for discovery review.  At this time, we have provided Deloitte the following additional documents for ingestion into our Relativity database:

- Discovery productions (approximately 11,500 records) that have been made in complex Capitol Breach cases (e.g., multi-defendant conspiracies involving Oathkeepers and Proud Boys);[3] and

- Approximately 24,000 Federal Bureau of Investigation records.

---

[3] Although these productions were already made in the relevant cases, they will ultimately be made accessible to all Capitol Breach defendants through the defense Relativity workspace.

This week, we also expect to provide Deloitte discovery productions that have been made in 75 individual cases (approximately 32,000 documents).[4] As we have described in our prior discovery status memos, the process of populating Relativity with potentially discoverable material is complicated and takes time.

## **Incarcerated Defendants**

In collaboration with FPD, we are developing proposals to increase access by incarcerated defendants to voluminous materials, which we expect to share with the D.C. Department of Corrections and to discuss within the next two weeks.

---

[4] Although these productions were already made in the relevant cases, they will ultimately be made accessible to all Capitol Breach defendants through the defense Relativity workspace.

## Conclusion

In sum, while we have not resolved every contractual or technical detail, and while our discovery plan continually evolves to address issues as they arise, we are making substantial progress in our diligent efforts to provide the defense comparable discovery review platforms for both documents and digital media, to populate those platforms, and to use alternative means to provide the most relevant discovery without delay. We are confident that our plan will come to fruition, and although we have not reached agreement on every aspect of this plan, we continue to have good faith, productive discussions with FPD regarding production of voluminous data. In the interim, we will diligently continue to transfer data to our vendors, process it for production, and make interim productions by other means until the defense platforms are in place. As we continue to implement our plan, we will continue to file status memoranda with the Court on a regular basis.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:     /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

By:     /s/ *Christine M. Macey*
CHRISTINE M. MACEY
Assistant United States Attorney
DC Bar No. 1010730
555 Fourth Street, N.W., Room 5243
Washington, DC 20530
Christine.Macey@usdoj.gov
(202) 252-7058