UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No: 21-cr-690 (RCL) |
| v. | : | |
| | : | |
| PHILIP SEAN GRILLO | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT OBJECTIONS TO PROPOSED DEFENSE VOIR DIRE

The Government hereby objects to the following questions in the Defense's proposed Voir Dire.

**Defense Question #3.** This question is ambiguous and covered by Defense question #2 concerning watching live news coverage. The issue of news consumption and awareness of the events of January 6, 2021 are also covered by the Government's proposed voir dire (*see* Government's proposed questions #10, #31, #32, and #33).

**Defense Question #4.** This question is repetitive and already addressed in the Government's proposed voir dire concerning the presumption of innocence. (*See* Government's proposed questions #10, #31, #32, #33, and #34).

**Defense Question #5.** This question is cumulative and addressed in the Government's proposed voir dire. (*See* Government's proposed questions #10, #31, #32, #33, and #34).

**Defense Question #7.** This question is repetitive to Defense questions #2 and #6.

**Defense Question #8.** This question is covered by Government's proposed voir dire question #31.

**Defense Question #9.** This question is cumulative and is covered by the Government's proposed voir dire question #31.

1

**Defense Question #10.** This question is irrelevant. Who an individual may follow on social media is irrelevant to the question of whether a juror can be fair and impartial. It is also cumulative with question #5.

**Defense Question #13.** This question is over-broad and irrelevant. Whether someone's family members or close friends are currently employed or have media affiliation has no bearing on the impartiality of a respective juror.

**Defense Question #14.** This question is repetitive, ambiguous, prejudicial and argumentative concerning the Defendant's opinions of respective news outlets.

**Defense Question #20.** This question is prejudicial. It asks jurors a legally ambiguous question concerning their status as a "victim" as it pertains to the events on January 6, 2021. Additionally, the proposed voir dire already asks whether an individual was present on Capitol grounds or had strong feeling concerning the events on January 6, 2021. (*See* Government's proposed voir dire question #32).

**Defense Questions #21 – 27.** These questions are repetitive, argumentative and/or unfairly prejudicial. The Government's proposed voir dire asks neutral questions concerning a juror's fairness and impartiality regarding the events of January 6, 2021. The defense should not be permitted to make arguments through jury questions.

**Defense Question #28.** The question is ambiguous. If this question is used, the Government requests that text below be used: "Do you think that your political views, or those of your spouse or partner, will affect your ability to render a fair and impartial verdict in this case?"

**Defense Questions #30 – 33.** These questions are cumulative with each other and argumentative. One question regarding the reasonable doubt standard is sufficient to probe whether a juror would have difficulty applying this standard.

**Defense Question (#38).**  This is cumulative with question 35 and can be addressed if needed in a jury instruction.

**Defense Questions #30 – 40.**  The Government objects to these questions to the extent they are already covered in the Government's proposed voir dire using more neutral language.

**Defense Question #41.** This question is covered by jury instructions.  It is argumentative and more appropriate for a jury instruction, rather than voir dire.

**Defense Questions #42 – 45.**  These questions implicate the Court's ruling concerning the Defendant's mental health, which would be best served through jury instructions, rather than by prematurely arguing these points to potential jurors.  Further, the Defense questions, specifically concerning defense question 44, seem to contravene the Court's cautionary guidance that Mr. Grillo may not buttress his argument with the "*imprimatur of psychological expertise.*"

Respectfully,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar no. 481052

 */s/ Christopher M. Cook*
CHRISTOPHER M. COOK
U.S. Department of Justice
Trial Attorney
D.C. Bar No. 90013354
601 D Street NW
Washington, D.C. 20530
(202) 616-2925
Christopher.Cook7@usdoj.gov

*/s/ Brian Morgan*
BRIAN MORGAN
U.S. Department of Justice
Trial Attorney
NY Bar No. 4276804
601 D Street NW
Washington, D.C. 20001
202-305-3717
Brian.Morgan@usdoj.gov