UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILIP SEAN GRILLO,<br><br>Defendant. | Crim. Action No. 21-690 (RCL) |

## MOTION TO STAY OR ALTERNATIVELY CONTINUE SENTENCING

The defendant, Philip Sean Grillo hereby moves this Court to stay or alternatively continue the sentencing hearing scheduled for April 5, 2024. The request is based on counsel's unavailability, Mr. Grillo's recent medical problems, and the Supreme Court's grant of certiorari in *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

Assistant Federal Defender Charles Millioen will be engaged in a jury trial in the Eastern District of New York (*United States v. Harrell, et al.*, 20-CR-239 (BMC)). The trial begins on March 25, 2024, and has a six-to-eight-week time estimate. It is a four-defendant case with charges that include racketeering, extortion, firearms offenses, money laundering, and drug trafficking conspiracy, with racketeering predicate acts that include two murders, gunpoint robberies, and a five-year long multi-state drug conspiracy. Mr. Millioen will be unavailable to travel to DC to attend the currently scheduled hearing until the end of trial, likely the end of May 2024.

Additionally, Mr. Grillo is recovering from surgery. On January 31, 2024, he was admitted to Northwell Health's Long Island Jewish Hospital after sustaining a serious leg

1

injury.[1] On February 6, 2024, Mr. Grillo underwent surgery to treat a broken leg/ankle. He will be on crutches for approximately three months and will require physical therapy three times per week. He has not yet started physical therapy due to his condition. He has a follow-up appointment with his podiatrist on March 1, 2024. Mr. Grillo's condition impacts his ability to travel to DC for sentencing.

Finally, the Supreme Court's decision in *Fischer* can substantially affect Mr. Grillo's sentence. The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). It is anticipated that Supreme Court will issue an opinion by June 2024.

Mr. Grillo litigated this same question. As the Court will recall, Mr. Grillo contested the legality of Count 1, the obstruction of justice count. *See* ECF No. 44, Motion to Dismiss. Count 1 represents the sole felony in Mr. Grillo's case and will thereby drive the recommended Guidelines sentencing range. Thus, resolution of *Fischer* will directly impact the validity of Mr. Grillo's conviction and the potential sentence. Proceeding to sentencing in Mr. Grillo's case will potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer's* outcome. In cases like this one—where 18 U.S.C. § 1512(c) represents the sole felony count—other judges of this court have stayed sentencing hearings. *See United States v. Seitz*, 21-CR-279 (DLF), Minute Order, 12/22/2023; *United States v. Zink*, 21-

---

[1] The relevant portion of Mr. Grillo's discharge paperwork was provided to the government and is available for the Court's review.

CR-191 (JEB), Minute Order, 12/28/23 ("Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes postponing such sentencing until after the Supreme Court decides *U.S. v. Fischer* is appropriate."); *United States v. Loganbill*, 23-CR-389 (ABJ), Minute Order, 1/11/2024 ("Since the defendant was charged with and convicted of only one felony in this case, and therefore, the section 1512(c)(2) conviction will be the driving force behind the Sentencing Guidelines calculation and the ultimate sentence, the Court will grant the motion and STAY the sentencing in its discretion until the Supreme Court has issued its ruling in *United States v. Fischer*.") This Court applied the same logic when granting a motion for release pending appeal for a similarly situated defendant in *United States v. Lisa Marie Eisenhart*. 21-CR-118 (RCL), ECF No. 264.

The government objects – even to a continuance based on defense counsel's unavailability. Puzzlingly, the government represented that it would seek its own continuance due to Assistant United States Attorney Eli Ross's unavailability.

In the interests of fairness and judicial economy, Mr. Grillo respectfully requests that the Court stay sentencing in his case pending the Supreme Court's resolution of *Fischer*, or alternatively, continue the sentencing until a date in June.

          Respectfully submitted,

          /S/

          _____

          Michael Padden
          Charles V. Millioen
          Attorneys for Philip Sean Grillo
          Federal Defenders of New York, Inc.
          One Pierrepont Plaza, 16th Floor
          Brooklyn, NY 11201

## Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 28th day of February 2024.

          /s/
Michael Padden
Charles V. Millioen
Assistant Federal Defenders
Attorneys for Mr. Phillip Sean Grillo