UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-690 (RCL) |
| | : | |
| PHILLIP SEAN GRILLO, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STAY OR CONTINUE SENTENCING TO THE SUMMER OF 2024**

The government respectfully opposes Defendant Phillip Grillo's motion to stay his sentencing hearing pending resolution of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572 or continue his sentencing to June 2024. (ECF No. 114) On December 13, 2023, the United States Supreme Court granted certiorari in *Fischer*. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the five crimes for which the defendant was convicted by a jury on December 5, 2023. This development does not merit a stay of the sentencing hearing scheduled for April 5, 2024.

The government respectfully requests a brief 10-day continuance to April 15, 2024, or as soon as practicable thereafter based on a trial conflict, or, alternatively, requests rescheduling of the sentencing hearing to the week of March 18, 2024, to accommodate the defense's trial conflict.

I.   **Background and Procedural History**

On December 5, 2023, a jury convicted the defendant of five counts related to his actions at the U.S. Capitol on January 6, 2021, including 18 U.S.C. 1512(c)(2). Shortly thereafter, the parties, in consultation with the courtroom deputy, agreed on an April 5, 2024, sentencing date. On January 23rd, 2024, the AUSA responsible for preparing the government's sentencing

memorandum and for representing the government at sentencing was detailed to *U.S. v. Bryan Smith* (23-cr-71), scheduled to begin trial on April 5, 2024[1]. In response, the government sought the defense's position concerning a short continuance. On February 9, 2024, the defense advised the government that they were not opposed to a continuance but did not want to proceed while *Fisher* was pending before the United States Supreme Court. On February 21, 2024, the defense clarified that their continuance request was based on *Fischer* and the other factors outlined in the defense's motion (ECF No. 114). The Government opposed this prolonged continuance.

**II.    Legal Standard**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435.  A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

---

[1] Judge Randolph Moss will begin Voir Dire in *U.S. v. Bryan Smith* at 9 a.m. on April 5, 2024.

### III. Argument

#### a. Motion to Continue Sentencing pending *U.S. v. Fischer*

The Court should deny defendant's motion to stay his sentencing hearing pending the Supreme Court's review of *U.S. v. Fischer* because the relevant stay factors weigh against his request.

First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not

previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant certiorari in *Fischer*.

It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted and seven months after his conviction at trial. Delaying the sentencing for another three months or more would undermine the interests of the public in the timely adjudication of a case of great significance. Additionally, a further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Second, the defendant will not suffer any irreparable injury by proceeding with sentencing in late March or April 2024. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new

interpretations of the legal significance of the evidence."); *United States v. Bailey*, 37 F.3d 1501, (7th Cir. 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for four other crimes outside the scope of the *Fischer* appeal. Even if the Supreme Court issues an adverse ruling to the government's position, and the defendant were to be sentenced on the remaining offenses, he faces a statutory maximum of up to one year for each 18 U.S.C. §§ 1752 count and six months for each 40 U.S.C. §§ 5104 count. For these reasons, the defendant's motion to stay should be denied.

### b. The Defendant's Medical Issues

On February 21, 2024, the defense provided the government a one-page "Patient Discharge Instructions" concerning the defendant's right ankle fracture. While the defendant's injury is unfortunate and may impact his mobility, it does not prevent him from travelling to Washington D.C. and, therefore, should not prevent his sentencing hearing from moving forward. Nothing in the discharge paperwork provided by the defense stated Mr. Grillo is now immobile or unable to

travel. The medical recommendations concerning the defendant's use of crutches and "not bearing weight on his right leg" were made on February 8, 2024, at least five weeks prior to any scheduled hearing. In fact, the defendant's treatment goals in his discharge paperwork reference medicated pain treatment for "a few days" following surgery on February 6, 2024, indicating the most acute side-effects of his surgical procedure would have subsided by any scheduled sentencing date. Therefore, the defendant's motion to continue the sentencing hearing based on these conditions is unnecessary and unwarranted.

### a. The Defense's Trial Conflict

The government understands the defense's trial conflict considering the government makes a similar, albeit much shorter, request based on a similar conflict. The defense has a trial beginning March 25, 2024. The government has a trial beginning April 5, 2024.[2] Therefore, to accommodate the defense, the government requests the Court reschedule the sentencing hearing during the week of March 18, 2024.

### IV. Conclusion

For the foregoing reasons, the government respectfully requests a brief 10-day continuance to April 15, 2024, or as soon as practicable thereafter, or, alternatively, requests rescheduling the sentencing hearing to the week of March 18, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Eli J. Ross*
    ELI J. ROSS

---

[2] The Government anticipates *U.S. v. Bryan Smith* (23-cr-71) will last 3-5 days.

Assistant United States Attorney
Illinois Bar Number 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, NW Washington, D.C. 20001
(202) 297-1515
Eli.Ross@usdoj.gov