UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PHILIP SEAN GRILLO,**<br><br>**Defendant.** | **Crim. Action No. 21-690 (RCL)** |

## MOTION FOR JUDGMENT OF ACQUITTAL

Defendant, Philip Sean Grillo, by and through counsel, respectfully moves for judgment of acquittal on all counts due to insufficiency of the evidence. Fed. R. Crim. P. 29(c). The motion was made orally at the conclusion of the government's case and renewed after the defense case. Trial Transcript, 828:11-829:13; 941:14-18. Following the verdict, the Court granted the defense request to extend time for filing post-trial motions. Hearing Transcript, December 5, 2023, 5:23-6:2.

Mr. Grillo maintains his Rule 29 motion for general insufficiency of the evidence with respect to each of the counts, however, submits additional briefing with respect to Count One, considering the Supreme Court's holding in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024).

***

1

## STATEMENT OF FACTS

<u>The Charges at Trial</u>

On November 19, 2021, Mr. Grillo was named in an Indictment charging him with five offenses: (i) corruptly obstructing an official proceeding, in violation of 18 U.S.C. §1512(c)(2) and 2; (ii) entering and remaining in a restricted building, in violation of 18 U.S.C. §1752(a)(1); (iii) disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. §1752(a)(2); (iv) violent entry and disorderly conduct in a Capitol building, in violation of 40 U.S.C. §5104 (e)(2)(D); and (v) parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. §5104 (e)(2)(G). *See* ECF No. 27.

As to Count One, the Indictment alleged the following:

On or about January 6, 2021, within the District of Columbia and elsewhere, PHILIP S. GRILLO, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

Prior to trial, Mr. Grillo moved to dismiss Counts One, Two, Three, and Five. *See* ECF No. 44. As to Count One, Mr. Grillo argued that his conduct falls outside of the scope of 18 U.S.C. §1512(c)(2), which "is limited in scope to a defendant taking some action with respect to a document, record or other object in order to corruptly obstruct, impede or influence an official proceeding." *Id.* at pp. 12-13. The Court denied the motion for reasons set forth in a Memorandum Order dated November 21, 2023. *See* ECF 95. A jury trial of these matters commenced on November 27, 2023, and Mr. Grillo was convicted of all counts.

***

The Evidence at Trial

The government's case-in-chief consisted of the testimony of six witnesses, various exhibits, and stipulations between the parties. The defense case-in-chief consisted of Mr. Grillo's testimony and various exhibits. Although the defense disputed several facts at trial, it is understood that the facts should be considered in the light most favorable to the government for the purpose of a Rule 29 motion. Accordingly, Mr. Grillo submits the following brief factual summary.

On January 6, 2021, a Joint Session of Congress convened in the United States Capitol building to certify the Electoral College vote. That same day, President Donald Trump spoke at a "Stop the Steal" rally at the Ellipse.

On January 4, 2021, Mr. Grillo agreed to use his large van to drive a group of acquaintances to DC to attend President Trump's rally. Mr. Grillo did not sleep the night before the rally. Instead, he stayed up in his van in a parking lot in D.C., drinking copious amounts of alcohol and consuming marijuana. Mr. Grillo suffers from bipolar disorder and was unmedicated on January 6, 2021. He testified that he was experiencing symptoms of intoxication and a manic episode that day.

Mr. Grillo attended Trump's rally at the Ellipse and then walked to the Capitol. Various photos and videos show Mr. Grillo engaging in the following activity in and around the Capitol:

- Mr. Grillo sang the Star-Spangled Banner near Peace Circle, west of the Capitol. GX 403.1, GX 405.
- Mr. Grillo stood at the front of a crowd with his friend, William, near the Capitol's west front, where a stage was constructed for the upcoming Presidential inauguration. GX 114, GX 312, GX 312.1, GX 312.2, GX 907, DX 2.1. Mr. Grillo used a megaphone to scold a

3

protestor who was aggressive with officers. GX 907, DX 2.1. At some point, Mr. Grillo and William crouched behind a small wall to separate themselves from the crowd. GX 114, 312.

- Mr. Grillo followed the crowd up the Upper West Terrace staircase. GX 303. He entered this area approximately ten minutes after the area was first breached. GX 303.

- Mr. Grillo entered the Capitol by stepping through a broken window next to the Senate Wing Door and stated "charge." GX 304, GX 410. His entry occurred approximately ten minutes after the window was first breached.

- Mr. Grillo followed the crowd through the crypt of the Capitol and up a staircase leading to the Rotunda. GX 412, GX 424. A purported journalist interviewed Mr. Grillo at the top of the staircase. GX 424. Mr. Grillo had difficulty communicating, but can be heard stating, among other things, "we're storming the Capitol, we want justice, we want equal, fair vote . . . We want a fair vote . . . I'm here to stop the steal . . . That's our goddamn house." GX 424.

- Mr. Grillo walked around the Rotunda, taking photos and videos on his cell phone. GX 313, GX 909-914.

- Mr. Grillo followed other protesters as they walked past officers out of the Rotunda and into the east foyer. GX 309.

- Mr. Grillo approached officers standing in front of the east front Rotunda Door, at which point a crowd pushed against Mr. Grillo and the officers in front of him. GX 310. This opened the Rotunda Door and allowed the crowd outside to enter the Capitol. GX 310.

- Mr. Grillo moved around the area of the Rotunda Doors. GX 310.1-310.4, GX 311, GX 311.1-311.4, GX 915-918, DX 1.1, DX-7, DX-9. During this time, he talked to other protestors, used his phone, chanted, and smoked marijuana.

There was no evidence that Mr. Grillo entered or attempted to enter the Senate or House Chambers, or any offices within the building. He was not assaultive or violent. He did not wear tactical gear. He did not carry or possess any weapons, shields, or pepper spray. He did not destroy or vandalize property. Except for a marijuana pipe being passed around by fellow protestors, Mr. Grillo did not seek out, touch, or remove any objects within the Capitol.

## LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 29(c), this Court may issue a judgment of acquittal for any charge that lacks sufficient evidence to sustain a jury's guilty verdict. Acquittal must be entered if "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The purpose of a Rule 29 motion is to safeguard the rights of the defendant to remain free from conviction based on "surmise and conjecture, without evidence." *See Cooper v. United States*, 218 F.2d 39, 42 (D.C. Cir. 1954) (reversing a trial court's conviction and entering a judgment of acquittal); *see also Curley v. United States*, 160 F.2d 229, 232 (D.C. Cir.), cert. denied, 331 U.S. 837, reh'g denied, 331 U.S. 869 (1947) (if "a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained").

The standard for reviewing a post-verdict motion for judgment of acquittal is in a light most favorable to the trier's verdict; the court must presume that the factfinder "has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing

justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). Nonetheless, "the government must articulate a rational basis in the evidence" upon which "a legitimate and nonspeculative inference of guilt may arise." *United States v. Recognition Equipment Inc.*, 725 F. Supp. 587, 588 (D.C. 1989). Accordingly, the trial court "is obligated to take a hard look at the evidence and accord the government the benefit of only legitimate inferences." *Id.*; *see also Curley*, 160 F.2d 229, 232; *Cooper*, 218 F.2d 39, 41-42. "In other words, this court will not indulge in fanciful speculation or bizarre reconstruction of the evidence" to aid the government. *Recognition Equipment Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989).

     Accordingly, the trial court must grant a defendant's Rule 29 motion when the jury has no evidentiary basis for its action, or if the court finds that a reasonable trier of fact would have a reasonable doubt as to the existence of any of the essential elements of the crime. *See Campbell*, 702 F.2d 262 (D.C. Cir. 1983); *Recognition Equipment Inc.*, 725 F. Supp. at 588. Thus, a finding that even a single element of a statute was not proven by the government in its case-in-chief is sufficient grounds for dismissal. *See*, *e.g. Campbell*, 702 F.2d 262; *Recognition Equipment Inc.*, 725 F. Supp. at 602; *Cooper*, 218 F.2d at 42; *United States v. Sheets*, No. 3: 07-CR-68 (E.D. Tenn. Mar. 27, 2009).

\*\*\*

## ARGUMENT

Mr. Grillo reraises his general claims of insufficiency as to all counts, and specifically argues that there was insufficient evidence that he impaired or attempted to impair the availability or integrity of records, documents, objects, or other things to corruptly obstruct an official proceeding, which is now required under the Supreme Court's holding in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024).

In *Fischer*, the Supreme Court held that:

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

*Fischer*, 2024 WL 3208034, at 10. In deciding the scope of §1512(c)(2), the Court adhered to an interpretation that would "'give effect, if possible, to every clause and word of [the] statute,'" while taking into account the broader context of § 1512 as a whole. *Id*. at 4 (citing *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (cleaned up); *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

The Court explained that § 1512(c)(1) describes particular types of criminal conduct in specific terms, whereas (c)(2) functions as a residual clause for "'matters not specifically contemplated'" by (c)(1). *Id*. (citing *Republic of Iraq v. Beaty*, 556 U. S. 848, 860 (2009)). To discern the scope of (c)(2), the Court relied upon the canon of *noscitur a sociis*, which teaches that a word is "'given more precise content by the neighboring words with which it is associated.'" *Id*. at 5 (citing *United States v. Williams*, 553 U. S. 285, 294 (2008)). And according to the related canon of *ejusdem generis*, a general or collective term at the end of a list of specific items is typically controlled and defined by reference to those specific items that precede it. *Id*. (citing *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022)).

Under these principles, the Court limited the availability of § 1512(c)(2) to the prosecution of defendants who obstruct, influence, or impede an official proceeding through the impairment of the availability or integrity of records, documents, objects, or other things such as witness testimony or intangible information. *Id*. at 6. Any broader interpretation of subsection (c)(2) would criminalize conduct that otherwise may be protected by the First Amendment. Indeed, it would expose activists, lobbyists, and mere protesters to the statute's 20-year maximum sentence for conduct that Congress generally saw fit to punish with far shorter sentences.

It is not enough that Mr. Grillo's mere presence in the Capitol contributed to delay of an official proceeding. The *Fischer* majority rejected the notion that the scope of § 1512(c)(2) was properly constrained by a requirement that a defendant's actions have a "'relationship in time, causation, or logic' with an official proceeding." *Fischer*, 2024 WL 3208034, at 9. Indeed, "[s]uch a bar on prosecutions based on 'speculative' theories of obstruction . . . would hardly cabin the reach of (c)(2)." *Id.* Rather, the defendant's actions must involve the impairment of the availability or integrity of records, documents, objects, or other such things. *Id.*

In the immediate case, the government did not allege, much less prove that Mr. Grillo impaired or attempted to impair the availability of records, documents, objects, or other such things, or that he did so corruptly[1] when he was in and around the Capitol on January 6, 2021. Mr. Grillo's actions appeared to match his disorganized mental state. After entering the Capitol

---

[1] At oral argument in *Fischer*, the Solicitor General cited examples of evidence proving a corrupt *mens rea*, which were not present in this case. *See*, *e.g.*, Tr. of Oral Arg. 61:4-15 ("[W]ith respect to using unlawful means with consciousness of wrongdoing, we have focused on things like the defendant's threats of violence, willingness to use violence here. We allege that Petitioner assaulted a police officer. We have focused on things like preparation for violence, bringing tactical gear or paramilitary gear to the Capitol . . . [T]his is a stringent *mens rea* requirement that has very much constrained the U.S. Attorney's Office.").

through a broken window, he paraded around, shouted, and smoked marijuana—never attempting to find any members of Congress, their offices, or the Senate or House Chambers.

Based on the previously raised argument of general insufficiency, and the specific insufficiency considering *Fischer*, the Court should enter a judgment of acquittal for all counts.

                Respectfully submitted,

                /S/
                _____
                Michael Padden
                Charles V. Millioen
                Attorneys for Philip Sean Grillo
                Federal Defenders of New York, Inc.
                One Pierrepont Plaza, 16th Floor
                Brooklyn, NY 11201

## Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 22nd day of July 2024.

_____/s/_____
Michael Padden
Charles V. Millioen
Assistant Federal Defenders
Attorneys for Mr. Philip Sean Grillo