UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-690 (RCL) |
| v. : | |
| : | |
| PHILIP SEAN GRILLO : | |
| : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

The United States of America, by and through its attorney, respectfully requests the Court to deny the defendant's motion for acquittal on Counts Two, Three, Four and Five. (ECF 130). The Court denied the defendant's Fed. R. Crim. P. 29(c) request for Counts Two, Three, Four, and Five following the government's case and the defense's case. Trial Transcript, 829:14; 951:17-18. The defendant's motion for judgment on acquittal does not provide the Court a basis to reconsider its Fed. R. Crim. P. 29(c) ruling anew on Counts Two, Three, Four and Five.[1] Therefore, the Court should deny the defendant's request.

The government further requests leave of court to respond to the defendant's motion for judgment of acquittal on Count 1 and joins the defendant's request to continue sentencing (ECF 127), for a shorter period, not to exceed 60 days. As the government continues to evaluate the implications of *Fischer v. United States*, 603 U.S.__, 2024 (June 28, 2024) – specifically on count

---

[1] Although the Federal Rules of Criminal Procedure do not expressly address motions for reconsideration, Courts have permitted the use of such motions according to the same standards that apply to such motions in civil cases. *See, e.g., United States v. Sutton*, 21- cr-0598 (PLF), 2022 WL 17572835 at *1 (D.D.C. Dec. 7, 2022); accord *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam). Accordingly, a motion for reconsideration should not be used as an opportunity to relitigate previously ruled upon issues. Id. But reconsideration may be appropriate if there is "'a controlling or significant change in the law or facts … since the submission of the issue to the Court.'" Id. (emphasis added) (quoting *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. Nov. 19, 2015)). Here, the defendant provides no reason for a renewed motion.

1, the parties will need sufficient time to assess the evidence and brief the implications of *Fischer* in this context.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    DC BAR NO. 481052

By:   */s/ Eli J. Ross*
       ELI J. ROSS
       Assistant United States Attorney
       Illinois Bar Number 6321411
       U.S. Attorney's Office for the District of Columbia
       601 D Street, NW Washington, D.C. 20001
       (202) 297-1515
       Eli.Ross@usdoj.gov

       */s/ Christopher M. Cook*
       CHRISTOPHER M. COOK
       Assistant United States Attorney-Detailee
       Bar No. KS 23860
       601 D Street, N.W.
       Washington, D.C. 20001
       (412)327-3487
       Christopher.cook5@usdoj.gov

       */s/ Brian Morgan*
       BRIAN MORGAN
       Trial Attorney
       Bar No. NY 4276804
       601 D Street, N.W.
       Washington, D.C. 20001
       (202) 305-3717
       Brian.Morgan@usdoj.gov