UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PHILIP SEAN GRILLO,**<br><br>**Defendant.** | **Crim. Action No. 21-690 (RCL)** |

### MOTION TO CONTINUE SENTENCING

The defendant Philip Sean Grillo, by and through his counsel, hereby moves this Court to continue the sentencing hearing scheduled for December 6, 2024. Mr. Grillo respectfully requests a continuance in the interests of justice—specifically, to promote judicial efficiency considering the representations of President-elect Donald Trump that he intends to pardon and commute sentences of defendants charged in relation to the January 6, 2021 incident.

On November 8, 2024, the United States Department of Justice Special Counsel Jack Smith made an unopposed motion to a District Judge of this Court to "Vacate Briefing Schedule" in the matter of *United States v. Trump*, 23-cr-00257 (TSC). The entirety of that motion reads as follows:

> As a result of the election held on November 5, 2024, the defendant is expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025. The Government respectfully requests that the Court vacate the remaining deadlines in the pretrial schedule to afford the Government time to assess this unprecedented circumstance and determine the appropriate course going forward consistent with Department of Justice policy. By December 2, 2024, the Government will file a status report or otherwise inform the Court of the result of its deliberations. The Government has consulted with defense counsel, who do not object to this request.

By that motion the Department of Justice asserts that the results of the November 5 election

1

resulted in an "unprecedented circumstance" constituting grounds for pausing an ongoing criminal prosecution of a defendant in connection with the events of January 6, 2021.

Given the position now taken by the Department of Justice through Special Counsel Jack Smith, directly supervised by Attorney General Merrick Garland, the Department of Justice in this case, in the interests of justice, should adopt the same position as it has in *United States v. Trump*, i.e., that the unique circumstances created by the outcome of the election justifies continuing sentencing in this matter, with the parties responding back to the Court with regard to how this case should further proceed – if at all – on or after January 20, 2025.

President-elect Trump stated on multiple occasions throughout his presidential campaign in 2024 that, if elected, he intended to issue pardons, sentence commutations, order the dismissal of pending cases, and in other ways bring an end to the Department of Justice's prosecutorial endeavors regarding the events of January 6, 2021.

Under Article II, Section 2, Clause 1 of the U.S. Constitution, the president of the United States is authorized to grant pardons for federal crimes. Other forms of the clemency power of the president include the commutation of sentence, remission of fine or restitution, and reprieve. Pursuant to *Ex parte Garland*, 71 U.S. 333 (1866), the President's authority to pardon is unlimited (except in cases of impeachment), extending to every federal offense known to the law. This presidential power can be exercised either before legal proceedings are taken, or during their pendency, or after conviction and judgment.

President-elect Trump has repeatedly vowed to pardon January 6 defendants. He has referred to them as "unbelievable patriots." As early as September 2022, in an interview with conservative Pittsburgh broadcaster Wendy Bell, former President Trump said — if he becomes president again — he would issue full pardons and an apology to rioters involved in the January

6, 2021, protests at the U.S. Capitol. "We'll be looking very, very seriously at full pardons because we can't let that happen," Trump told Bell. "And I mean full pardons. To many, an apology. They've been so badly treated." During an interview with Time Magazine in April of this year, Trump said he would "absolutely" consider pardoning every January 6 defendant, although, when pressed, he said "If somebody was evil and bad, I would look at that differently." Later, in July while at the National Association of Black Journalists' conference in Chicago, Trump was asked if he would pardon rioters who assaulted police officers during January 6. His response: "Oh, absolutely I would," "If they are innocent, I would pardon them…they were convicted by a very, very, tough system." As recently as this September, Trump said during a rally in Wisconsin that he planned to "rapidly review the cases of every political prisoner unjustly victimized by the Harris regime."

     History has shown that President-elect Trump is not shy when it comes to exercising his pardon powers and there is clearly no reason to believe he won't do as he says. During his first term of President, Trump pardoned, commuted, or rescinded the convictions of 237 people. Many were controversial. Several were in his first year in office: Joe Arpaio, pardoned August 25, 2017; Sholom Rubashkin, 27-year prison sentence commuted December 20, 2017.

     Mr. Grillo is set to appear before this Court for sentencing on December 6, 2024.

     A continuance would conserve the resources of the Court, the Government, and Mr. Grillo. For Mr. Grillo, those resources include personal financial costs incurred in traveling from New York to Washington D.C., the cost of lodging, and the same costs incurred by defense counsel – most of which would be avoided by the delay requested by this motion. For the Government, further work by counsel would be unnecessary during the period of the delay. Moreover, the same waste of financial resources as would be incurred by the defense will

3

also be incurred by Government counsel while there is a significant likelihood that Mr. Grillo will receive a pardon from President-elect Trump.

The consequences of denying this motion would be formal entry of a Judgment and Conviction of Mr. Grillo, and the potential imposition of a term of imprisonment that may be set to commence prior to January 20, 2025, the earliest day upon which a pardon or sentence commutation might be issued.

This Court faces unique, historical circumstances. A President-elect has pledged, in campaign promises, to reverse the prosecutorial decision-making of a predecessor administration. The Department of Justice has made representations on the record in a related case that the election outcome is a change in circumstances warranting a delay. These circumstances justify this continuance request. To deny this motion would run contrary to the interests of justice and likely subject the defendant to criminal convictions for no purpose other than expediency.

Respectfully submitted,

/S/

_____
Michael Padden
Charles V. Millioen
Attorneys for Philip Sean Grillo
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

## Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 19th day of November 2024.

/s/
Michael Padden
Charles V. Millioen
Assistant Federal Defenders
Attorneys for Mr. Phillip Sean Grillo