UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

PHILLIP SEAN GRILLO,

*Defendant.*

Case No. 21-cr-690-RCL

## MEMORANDUM ORDER

Before the Court is Defendant Phillip Grillo's Motion [ECF No. 142] to Continue Sentencing. The Government opposes the Motion. Gov't Opp., ECF No. 143. Upon consideration of the Motion, and the entire record herein, the Motion is **DENIED**.

The sole basis for Mr. Grillo's Motion is his belief that he will receive a presidential pardon for his actions on January 6, 2021. Def.'s Mot. 3. He states that if the Court denies his Motion, the consequences will be a formal entry of Judgment and Conviction and the potential imposition of a term of imprisonment. *Id.* at 4. He is correct about these consequences but wrong about the antecedent: Mr. Grillo's *actions* at the Capitol on January 6, 2021, not this Court's denial of his Motion, will lead to a formal entry of Judgment and Conviction and potential imposition of a term of imprisonment.

Mr. Grillo argues that because he will likely receive a pardon, denying his Motion would "subject [him] to criminal convictions for no purpose other than expediency." Def.'s Mot. 4. Again he is mistaken, on two fronts. First, he attempts to make himself a victim of the events on January 6 by asserting that this Court is targeting him with a criminal conviction. But he is not arbitrarily being subjected to criminal convictions; rather, it was he and his fellow rioters who subjected our Capitol and our country to the horrific scene of their anti-democratic rage. Mr.

1

Grillo's revisionist statement that he is now a passive victim of the criminal justice system after being convicted by a jury of his peers flies in the face of this reality. Second, Mr. Grillo is incorrect that sentencing him will serve no purpose other than expediency. As this Court has said in another sentencing of a Capitol Riot defendant, "in our system of justice, we punish people . . . for their actions." Notes for Sentencing, *United States v. Johnatakis*, No. 1-21-cr-91-3 (RCL), ECF No. 272. Mr. Grillo's actions on January 6, like those of his fellow rioters, warrant punishment. Their actions were the manifestation of political violence by citizens against their government and elected leaders, the likes of which we must deter if we are to keep our Republic.

Finally, Mr. Grillo's reliance on the pardon power as justification for a continuance is sorely misplaced. The Constitution assigns different actors distinct roles within our criminal justice system. It undoubtedly places the pardon power exclusively in the hands of the President. U.S. CONST art. II, § 2, cl. 1. But the existence of the pardon power has never stopped this Court from carrying out its constitutional duties. Federal district courts operate under the constitutional command to wield "the judicial power of the United States." *Id.* art. III, § 1. They do not shirk from this role or indefinitely delay proceedings because of the lurking possibility of a presidential pardon after the conclusion of judicial proceedings. Rather, they exercise this power by ruling on motions and holding hearings leading up to trial, ruling on questions of evidence and examination during trial, and ultimately by sentencing those who are convicted of crimes after trial. In Mr. Grillo's case, this process played out exactly as our Constitution envisions. Availing himself of all the protections afforded criminal defendants under our Constitution, Mr. Grillo received a trial by a jury of his peers, had the opportunity to confront witnesses who testified against him, and voluntarily testified in his own defense. At the end of his trial, the jury exercised its constitutional

prerogative and convicted Mr. Grillo on five counts for his actions on January 6. Verdict Form, ECF No. 111.

In determining an appropriate sentence, the Court will be guided by the rule of law, not by political considerations or the possibility of a presidential pardon. The Court will treat Mr. Grillo as it does any other defendant whom it sentences: by following the Federal Rules of Criminal Procedure, applying the sentencing factors in 18 U.S.C. § 3553(a), and consulting the Sentencing Guidelines. The parties have submitted their sentencing memoranda, the Probation Office has submitted the Final Presentence Investigation Report, and the Government is ready to proceed with sentencing. Gov't Opp. 2. Therefore, from the Court's vantage point, there are no "unique circumstances" that could justify continuing this sentencing, as Mr. Grillo argues in his Motion. Def.'s Mot. 2. At Mr. Grillo's sentencing, the Government and counsel for Mr. Grillo will have an opportunity to speak, and Mr. Grillo will have an opportunity to address the Court directly in his own allocution. Fed. R. Crim. P. 32(i)(4)(A). The Court will then sentence Mr. Grillo and enter a final Judgment. And again, as is the case with any other defendant, the decision of whether Mr. Grillo receives a pardon will remain exactly where the Constitution intends: with the Executive branch.

Mr. Grillo's final argument that continuing his sentencing would conserve both his and this Court's resources is also unpersuasive. While preservation of judicial resources is an important goal for this Court, it is not the only or even the ultimate goal of our courts. Twelve jurors, two alternates, and dozens of others who participated in *voir dire* also expended their resources to perform their civic duty within our constitutional system. Even if Mr. Grillo does receive a pardon, it will not disturb the fact that a jury assessed the evidence presented at trial and found it sufficient to convict Mr. Grillo. To continue Mr. Grillo's sentencing now simply because he may receive a

presidential pardon would discredit the time and thought these citizens expended on the trial and would subvert our criminal justice process and the separation of powers. On December 6, this Court will carry out its duty and sentence Mr. Grillo in accordance with the verdict the jury reached.

The defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Date: _25_ November, 2024

Royce C. Lamberth
United States District Judge